# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:18CR00019-002 |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| **CHRISTOPHER INGRAM,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant.  ) | |

*Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; Christopher Ingram, Pro Se Defendant.*[1]

The defendant has filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  For the reasons set forth hereafter, it is **ORDERED** that the motion, ECF No. 97, is DENIED.

After pleading guilty, Ingram was sentenced by this court by judgment entered June 26, 2019, to 120 months imprisonment on one count of conspiring to possess with intent to distribute 500 grams or more of methamphetamine.  He is currently 49 years old and is incarcerated at FCI Butner Medium I, with a projected release date of March 26, 2027.  The ground of the defendant's motion is that he is needed to care for his elderly parents, who are in poor health.

---

[1] The Federal Public Defender was appointed to represent Ingram as to this motion but declined to make any filings on his behalf.  Notice of No Further Filings, Sept. 16, 2021, ECF No. 101.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018. Although I may not reduce the defendant's sentence pursuant to a non-retroactive change in sentencing law, the Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant. But the Sentencing Commission's policy statement, set forth in United States Sentencing Guidelines Manual (USSG) § 1B1.13 and last revised before the enactment of the First Step Act of 2018, "remains helpful guidance." *Id.* at 282 n.7.

USSG § 1B1.13 cmt. n.1(C) enumerates certain family circumstances that constitute extraordinary and compelling reasons justifying compassionate release. They are:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

The Sentencing Commission thus considered caretaking needs and decided to

account only for the needs of defendants' minor children and spouses or registered partners. There is no reason to assume that were it to revise its policy statement today, the Sentencing Commission would expand this provision to include the caretaking needs of an defendants' parents.

I am sympathetic to the challenges faced by Ingram's parents. Nevertheless, I conclude that their health conditions do not constitute an extraordinary and compelling reason justifying Ingram's release.

Even if I were to hold otherwise, I would deny Ingram's motion based on my application of the statutory sentencing factors. In exercising my discretion under § 3582(c)(1)(A)(i), I must consider the principles set forth in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including the factors described in 18 U.S.C. § 3553(a), to the extent they are applicable.

Ingram was on state probation when he committed his crime of conviction in this case. He violated his conditions of pretrial release before pleading guilty. His criminal history includes drug-related convictions based on conduct occurring on three separate occasions; a conviction for failure to appear; three separate convictions for driving without a valid drivers' license; and two other nolle prossed charges for transporting and possessing with intent to distribute controlled substances. While none of his prior convictions were felonies, his repeated offenses show a disregard for the law.

Ingram's conduct in this case involved trafficking substantial quantities of methamphetamine, and he had ties to larger drug trafficking organizations. He has served less than half of his sentence. While the conditions of his confinement may be more harsh now than they were when he was first sentenced due to pandemic-related restrictions, I continue to believe that his sentence of 120 months — already well below his Guidelines range — is sufficient but not greater than necessary to serve the statutory purposes. In particular, I find that this sentence is necessary to reflect the serious nature of his crime, to provide just punishment, and to provide adequate specific and general deterrence.

Considering the foregoing factors, I find that the defendant is not qualified for such extraordinary relief.

ENTER: October 15, 2021

/s/ JAMES P. JONES
Senior United States District Judge