# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:18CR00019-002 |
| v.   ) | **OPINION AND ORDER** |
| ) | |
| **CHRISTOPHER INGRAM,** ) | Judge James P. Jones |
| ) | |
| Defendant.   ) | |

*Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, for Christopher Ingram.*

Federal inmate Christopher Ingram has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) on the ground that he is his incapacitated parents' sole available caretaker. The government opposes the motion. For the following reasons, the defendant's motion will be granted.

I.

The defendant was sentenced by this court on June 26, 2019, to a prison term of 120 months following his guilty plea to conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 846. He is now 52 years old and is incarcerated at a medium security facility.

In his present motion seeking a reduction in sentence, the defendant contends that his aging parents are suffering from physical health conditions and need him to return home as their caretaker. He also argues that because he has served a large portion of his sentence, much of it under the difficult COVID-19 conditions, his time served should also qualify as an extraordinary and compelling reason to grant a reduction in his sentence. Finally, he submits that the 18 U.S.C. § 3553(a) sentencing factors weigh in favor of release.

The government argues that the defendant has not provided sufficient evidence regarding his parents' medical conditions or the availability of other caretakers. Even if the defendant has provided such evidence, the government contends that the § 3553(a) factors weigh against his release.

II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Under those policy statements, a defendant's sentence may be reduced due to family circumstances if the defendant's parent is incapacitated, and he is the "only available caregiver." U.S. Sent'g Guidelines Manual § 1B1.13(b)(3)(C) (U.S. Sent'g Comm'n 2013). In addition, the court may consider any other circumstances or combination of circumstances that

are similar in gravity. *Id.* § 1B1.13(b)(5). Even if the court finds an extraordinary and compelling reason, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).

The fact that the defendant has served a portion of his sentence during the COVID-19 pandemic does not qualify as an extraordinary and compelling circumstance, even though that time may have been particularly difficult. Many inmates were incarcerated during that time, and though I find such incarceration qualitatively compelling, it is not extraordinary. Indeed, it was common.

However, the alleged health issues of the defendant's parents constitute an extraordinary and compelling circumstance. The defendant's parents are advanced in age, as his father is 86 years old, and his mother is 83. Sealed Medical Records, Robert Ingram 1-1, ECF No. 124; Sealed Medical Records, Rebecca A. Ingram 1-1, ECF No. 124. According to their physician, they have "declined in their level of independence, i.e.: suffering falls, ataxia, imbalance, poor endurance, and overall general loss of functions due to their aging and complex chronic medical conditions." Ex. 6 at 2, ECF No. 114-4.

The physician also concurred with Mrs. Ingram's affidavit, in which she expressed that she cannot provide for her husband due to her obesity, congestive heart failure, osteoarthritis, limited ability to stand and ambulate, high blood pressure, arterial fabulation, loss of hearing, bladder control problems, and a history

of melanoma surgeries. Ex. 8 at 3, ECF No. 114-6; Ex. 6 at 2, ECF No. 114-4. Like Mrs. Ingram, her husband has many debilitating conditions. He suffers from COPD, hyperlipidemia, hypertension, congestive heart failure (with low medical compliance), and gastroesophageal reflux. Sealed Medical Records, Robert Ingram 1-32–33, ECF No. 124. He also suffers from Stage 3b chronic kidney disease and mixed restrictive and obstructive lung disease. *Id.* at 1. He requires a caretaker to assist him with his daily needs due to his many medical issues, particularly his strokes and lack of balance. Ex. 8 at 2, ECF No. 114-6.

      The defendant shows that his mother has been the caretaker for his father and that she too is now incapacitated. It is particularly concerning that she, like her husband, now has very limited ability to stand and ambulate in addition to her other medical issues and advanced age. However, it is notable that her physicians did not say that she was completely incapacitated, but rather that it would be "greatly beneficial . . . in retaining some quality of life and meeting their progressing safety and health needs in their declining years" to have the defendant at home with them. Ex. 6 at 2, ECF No. 114-4; Ex. 9 at 2, ECF No. 114-7 ("Becky Ingram could benefit significant[ly] from family member involvement with her activities of daily living."). This comports with the medical evidence, which indicates that at least some of the parents' conditions are under fair symptom control with good tolerance for treatment, though the medical issues themselves are serious.

The lack of a medical opinion saying that Mrs. Ingram is completely incapacitated means that this case is not the easiest one in which to conclude that the defendant is the sole available caregiver. Indeed, his mother has been caring for her husband and her physicians do not appear to conclude that she is completely incapacitated. On the other hand, physicians do not tailor their letters to neatly match the contours of legal standards. Thus, Rebecca Ingram's affidavit stating that she is no longer capable of providing for her husband, her age, her medical records, and the physicians' opinions that she could greatly benefit from familial aid provides a sufficient evidentiary basis upon which to conclude that the defendant's parents are incapacitated.

Incapacitated family members only constitute extraordinary and compelling circumstances for relief under the policy statements where the defendant is the sole available caregiver. I find that this has been shown in this case. The defendant's parents have no siblings, meaning that the defendant has no aunts, uncles, or cousins. Ex. 6 at 2, ECF No. 114-4. Additionally, the defendant has no brothers or sisters who could step in to aid his parents. Although the government suggests that members of the parents' church community might be appropriate caregivers, I disagree that this speculation is adequate. Even if possible, it would render the sole available caregiver test far too broad to have real meaning, essentially precluding

prisoners with churchgoing family members in need of caretaking from relying upon this form of relief.

III.

Even with an extraordinary and compelling reason for release, I must consider the § 3553(a) factors. Proper consideration of these factors compels me to conclude that the defendant should be granted relief.

It is true that the defendant's crime was serious. Leading up to his arrest and subsequent conviction, he regularly sold quantities of methamphetamine. Presentence Investigation Report ¶ 16, ECF No. 88. He received one shipment of drugs every other week from the beginning of July of 2017 through September of 2017, for a total of six shipments. *Id.* at ¶ 19. Each shipment contained approximately three pounds of ice methamphetamine and five ounces of cocaine. Moreover, he is a repeat drug offender, as his prior convictions show. Nevertheless, at his sentencing, I varied downward after consideration of the applicable § 3553(a) factors, sentencing the defendant to the low end of his stipulated Rule 11(c)(1)(C) range of 120 to 180 months, which range was in turn below the low end of the applicable guideline range of 210 to 262 months.

The defendant accepted responsibility for his actions and informed the court that he hoped to receive drug treatment while incarcerated. *Id.* at ¶ 22. That hope came to fruition. He has completed a drug program, Ex. 10 at 2, ECF No. 114-8,

and has earned 365 days towards release in First Step Act time credits, indicating some level of rehabilitation.  Ex. 1 at 2, ECF No. 114.  He is now at a mature age.  Thus, despite the seriousness of the defendant's crime, it appears that he regrets his actions and has worked to reform his conduct.

The defendant is currently set to be fully released on March 26, 2026, and will be eligible for home confinement release on September 26, 2025.   Having served much of his sentence, I find that further incarceration will not significantly add to the deterring and punitive impact his sentence has already had.  Moreover, he will be subject to the originally imposed five years of supervision by the court's probation office, which will assist him in his reentry to society and hopefully prevent him from reoffending.

Considering the foregoing, I find that the defendant is qualified for relief.

## IV.

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, and for the reasons stated on behalf of the defendant, it is **ORDERED** that the motion, ECF No. 110, is GRANTED.  The defendant's previously imposed sentence of imprisonment is REDUCED to TIME SERVED.

-8-

This order is stayed for 10 calendar days, in order that verification of the defendant's residence and the establishment of a release plan may be competed, and appropriate travel arrangements determined to ensure the defendant's safe release. If more than 10 calendar days are needed for such matters the parties shall notify the court and show cause why the stay should be extended.

The Clerk shall provide a copy of this Order to the Probation Office, which shall provide a copy to the Bureau of Prisons.

ENTER: April 22, 2024

/s/ JAMES P. JONES
Senior United States District Judge